SEP 12 2025 PM12:48
FILED - USDC - FLMD - ORL

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# OCALA DIVISION

**KENEISHA SMITH,**

Plaintiff,

v.

**GETMEHEALTHCARE, LLC,** a Florida limited liability company,

**CHAD SOKOLOFF,** an individual,

**MICHAEL HILF,** an individual,

and

**JOHN DOE CALLERS 1–10,**

Defendants.

# COMPLAINT AND DEMAND FOR JURY TRIAL

# INTRODUCTION

1. This action arises from Defendants' unlawful telemarketing practices in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Florida Telemarketing Act ("FTA"), Fla. Stat. § 501.059, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–213.

2. Plaintiff's personal cell phone, which has been registered on the National Do Not Call Registry since September 1, 2024, was bombarded with 31 unlawful telemarketing calls between June 2 and June 12, 2025.

3. These calls were made willfully and knowingly using an autodialer and/or prerecorded/artificial voice, without Plaintiff's prior express written consent.

4. Plaintiff repeatedly requested that the calls stop, but Defendants ignored these requests and continued calling.

5. The violations were not isolated accidents, but part of a deliberate pattern and practice of unlawful telemarketing designed to generate leads and sales for GetMeHealthCare.

**JURISDICTION AND VENUE**

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the claims arise under the TCPA, 47 U.S.C. § 227 (*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012)).

7. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the related Florida-law claims (FTA and FDUTPA).

8. Venue is proper in the Ocala Division because Plaintiff resides in Lady Lake, Florida and received the unlawful calls in this District and Division.

## PARTIES

9. Plaintiff Keneisha Smith is a natural person residing in Lady Lake, Florida.

10. Defendant GetMeHealthCare, LLC is an active Florida limited liability company, principal address 11465 Hibbs Grove Drive, Cooper City, FL 33330, registered agent Comiter, Singer, Baseman & Braun, LLP, 3825 PGA Blvd., Suite 701, Palm Beach Gardens, FL 33410.

11. Defendant Chad Sokoloff is President of GetMeHealthCare, residing in Florida. Plaintiff alleges Sokoloff exercised direct control over the company's telemarketing practices and personally authorized, directed, or knowingly allowed the use of third-party vendors such as John Doe Callers.

12. Defendant Michael Hilf is CEO of GetMeHealthCare, residing in Florida. Plaintiff alleges Hilf had direct oversight of compliance obligations and knowingly permitted unlawful telemarketing practices to proceed.

13. Defendants John Doe Callers 1–10 are unidentified telemarketers and lead generators who placed or initiated the unlawful calls on behalf of GetMeHealthCare.

## FACTUAL ALLEGATIONS

14. Plaintiff's phone number ending in 1035 has been on the National Do Not Call Registry since September 1, 2024 (Exhibit B).

15. Between June 2 and June 12, 2025, Plaintiff received at least 31 unwanted telemarketing calls (Exhibit A – Call Log).

16. These calls came from multiple spoofed Caller IDs. When Plaintiff attempted to return these calls, the numbers were disconnected or invalid.

17. Many calls began with dead air, a pause, or an audible beep before a live agent spoke, demonstrating the use of an automatic dialing system.

18. Plaintiff never gave Defendants prior express written consent to call.

19. On several calls, Plaintiff expressly told Defendants to stop calling. Despite these requests, the calls persisted.

20. The repeated calls caused Plaintiff frustration, stress, disruption of daily activities, wasted time, and invasion of privacy.

**Expanded Harms**

20a. These calls also consumed Plaintiff's cell phone minutes and battery life, wasted hours of her personal time, and caused repeated interruptions during meals and family activities.

20b. Plaintiff experienced stress, anxiety, and loss of peace in her home due to the constant calls.

20c. By soliciting Plaintiff's sensitive personal information (name, address, date of birth), Defendants further invaded Plaintiff's privacy and exposed her to potential risk of identity misuse.

20d. The frequency and persistence of the calls disrupted Plaintiff's ability to focus on work and family responsibilities and deprived her of the normal, expected use of her phone service.

**20e.** Defendants also failed to maintain an internal do-not-call list or database as required by 47 C.F.R. § 64.1200(d) and Fla. Stat. § 501.059(5). Despite Plaintiff's repeated requests to stop calling, Defendants had no effective internal system in place to document or honor those requests.

**20f.** Defendants' calls also caused Plaintiff to fear missing important personal or medical calls due to the constant interruptions, further diminishing the usefulness of her phone line. Calls disrupted Plaintiff's family meals and rest, including sleep at night, and caused Plaintiff to lose the normal enjoyment of her home life and phone service.

*The June 12, 2025 Call and Transfers*

21. On June 12, 2025, Plaintiff answered a call that came in from a third-party telemarketing vendor hired by GetMeHealthCare.

22. The third-party agent qualified Plaintiff by asking her full name, phone number, address, date of birth, and whether she had insurance through the Marketplace.

23. After collecting this information, the agent transferred Plaintiff to **Zach**, an employee of GetMeHealthCare.

24. Zach repeated similar verification questions, then informed Plaintiff that she would have to sign a DocuSign agreement.

25. Plaintiff requested information about Zach's company, but he stated that he would send it by email. Instead of providing company information, Zach transferred Plaintiff to **Britney**, another GetMeHealthCare employee.

26. Britney emailed Plaintiff a DocuSign agreement (which bore GetMeHealthCare's header) and then called the Marketplace on a three-way call to complete enrollment. Plaintiff signed the DocuSign agreement during this process.

27. Despite completing enrollment, neither Zach nor Britney provided Plaintiff with company details.

28. Plaintiff later searched the DocuSign header, which displayed **GetMeHealthCare,** and called the company's customer service line at 800-310-8339.

29. Plaintiff reached **Keyonna Grant,** a GetMeHealthCare employee, and explained that she had signed up for insurance through the company the day before. Keyonna confirmed Britney had signed Plaintiff up, located her plan in the company's database, and provided screenshots (Exhibit C).

30. This sequence revealed that GetMeHealthCare was the company ultimately responsible for the illegal telemarketing calls and enrollment process.

31. Defendants' practices are systemic and affect hundreds or thousands of consumers nationwide.

**32.** Upon information and belief, Defendants directed or authorized similar telemarketing campaigns targeting hundreds or thousands of Florida residents, demonstrating that the unlawful calls received by Plaintiff were part of a broader pattern and practice of illegal conduct.

## VICARIOUS LIABILITY

33. GetMeHealthCare is vicariously liable for the conduct of **John Doe Callers** under federal common-law principles of **actual authority, apparent**

**authority, and ratification.** The FCC has ruled that sellers may be held liable for TCPA violations committed by their third-party marketers. *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013).

34. **Actual Authority.** GetMeHealthCare retained, paid, and directed third-party telemarketers to generate leads by outbound calling. The telemarketers used qualification scripts that mirrored the questions later repeated by GetMeHealthCare's own employees (Zach and Britney). This demonstrates the calls were placed with GetMeHealthCare's express authority and for its sole benefit. See *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016).

35. **Apparent Authority.** To consumers, the telemarketers reasonably appeared to act on GetMeHealthCare's behalf. The transfers flowed seamlessly from **John Doe Callers** to GetMeHealthCare's in-house staff, and the enrollment culminated in documents branded with GetMeHealthCare's name. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019).

36. **Ratification.** Even if John Doe Callers exceeded the scope of their express authority, GetMeHealthCare ratified the conduct by knowingly accepting and processing leads generated by the illegal calls, completing enrollments through its employees Zach and Britney, and confirming the enrollment internally through employee Keyonna Grant. Ratification occurs when a principal accepts the benefits of an agent's acts with knowledge of the

material facts. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073–74 (9th Cir. 2019).

37. Liability is further reinforced by *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir. 2019), where a company was held liable for its vendor's DNC violations because it turned a blind eye and continued to accept leads. Likewise, GetMeHealthCare knowingly profited from **John Doe Callers'** unlawful calls.

38. Corporate officers **Chad Sokoloff (President)** and **Michael Hilf (CEO)** had direct control over telemarketing practices. Florida law recognizes that corporate officers may be held personally liable when they personally participate in, authorize, or direct unlawful conduct (*Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981)). Plaintiff alleges Sokoloff and Hilf knowingly approved the use of third-party callers, failed to implement compliance safeguards, and directly benefitted from the unlawful scheme.

**38A.** Defendant Chad Sokoloff, as President of GetMeHealthCare, had ultimate decision-making authority over marketing practices and directly approved the use of outbound telemarketing to generate leads. Plaintiff alleges that Sokoloff personally authorized, directed, or knowingly ratified the unlawful telemarketing described herein.

**38B.** Defendant Michael Hilf, as CEO of GetMeHealthCare, had direct supervisory authority over compliance with state and federal telemarketing laws. Plaintiff alleges that Hilf was aware of the unlawful telemarketing practices, failed to implement reasonable safeguards, and ratified the continued acceptance of leads generated through unlawful calls.

**38C.** Under Florida law, corporate officers are personally liable where they personally participate in or authorize unlawful conduct, even if undertaken on behalf of the corporation. *Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981). Because Sokoloff and Hilf directly authorized, directed, and ratified the telemarketing scheme, they are personally liable for the damages alleged herein.

**38D.** In addition, Sokoloff and Hilf failed to implement any internal do-not-call compliance program within GetMeHealthCare. Their failure to adopt and enforce procedures required by federal and Florida law directly caused the unlawful calls to persist, further establishing their personal liability.

**38E.** Defendants Sokoloff and Hilf benefitted financially from each unlawful enrollment generated by the telemarketing scheme. Upon information and belief, both officers directly approved the use of third-party scripts, reviewed enrollment procedures, and ignored consumer complaints about repeated unwanted calls.

**38F.** GetMeHealthCare failed to adopt written telemarketing policies, failed to train its employees or vendors on TCPA and Florida compliance requirements, and failed to monitor vendors to prevent violations. These omissions demonstrate willful and reckless disregard for the law, further justifying treble damages.

39. GetMeHealthCare cannot evade liability by outsourcing robocalls. It authorized the campaign, accepted the leads, used its own staff to close sales, and ratified the unlawful conduct. Under FCC guidance and federal case law, these facts establish vicarious liability as a matter of law.

## THE LOGICAL BRIDGE

39. The evidence establishes an airtight logical bridge directly tying the unlawful calls placed by **John Doe Callers** to GetMeHealthCare's business operations. Courts have repeatedly emphasized the need for plaintiffs to demonstrate a connection between third-party callers and the seller benefiting from the calls. See *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019); *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 659 (4th Cir. 2019).

40. Here, Plaintiff demonstrates that continuity with overwhelming evidence:

a. **Unlawful Robocalls** — Between June 2 and June 12, 2025, Plaintiff received 31 spoofed and autodialed calls placed by **John Doe Callers** (Exhibit A).

b. **Qualification** — During the June 12, 2025 call, a John Doe Caller agent collected Plaintiff's personal details (name, address, date of birth, insurance status).

c. **Transfer to GetMeHealthCare Agent** — Immediately after qualification, the call was transferred to Zach, a GetMeHealthCare employee, who repeated verification questions and began enrollment.

d. **Transfer to Britney** — Zach transferred Plaintiff to Britney, another GetMeHealthCare employee, who emailed Plaintiff a DocuSign agreement and initiated a three-way call with the federal Health Insurance Marketplace.

e. **Documentary Evidence** — The DocuSign agreement bore GetMeHealthCare's own header (Exhibit F).

f. **Customer Service Confirmation** — Plaintiff later called GetMeHealthCare at its customer service number. Employee Keyonna Grant located Plaintiff's enrollment in the company's internal database, confirmed that Britney had signed her up, and provided screenshots (Exhibit C).

41. This uninterrupted chain — unlawful calls placed by **John Doe Callers,** qualification, transfer, in-house agent verification, DocuSign transmission, and customer service confirmation — is corroborated by independent exhibits at every step (A through F).

42. Taken together, this evidence proves that the unlawful calls were not stray or unauthorized acts of a rogue vendor but were part of a deliberate telemarketing scheme that GetMeHealthCare authorized, controlled, and profited from. See *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6584 (2013).

## CAUSES OF ACTION

### COUNT I – TCPA, 47 U.S.C. § 227(b)

Defendants knowingly made autodialed and/or prerecorded/artificial voice calls to Plaintiff's cell phone without consent. Plaintiff seeks $500 per call or $1,500 per call for willful violations. See *Palm Beach Golf Ctr.–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015). **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, and ratified the unlawful telemarketing.**

### COUNT II – TCPA, 47 U.S.C. § 227(c)

Defendants knowingly made 31 calls to Plaintiff despite her number being registered on the National Do Not Call Registry. Defendants further violated the TCPA and FCC regulations, 47 C.F.R. § 64.1200(d), by failing to maintain an

internal do-not-call policy and database. See *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). Plaintiff seeks $500 per call or $1,500 per call for willful violations. **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, ratified, and failed to implement internal DNC compliance.**

## COUNT III – Florida Telemarketing Act

Defendants knowingly called Plaintiff despite her DNC registration and used spoofed Caller ID information. Defendants further violated Fla. Stat. § 501.059(5) by failing to maintain an internal do-not-call list or database to honor Plaintiff's repeated opt-out requests. See *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *6 (D. Md. Sept. 2, 2016). Plaintiff seeks statutory damages, injunctive relief, and attorney's fees. **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, ratified, and failed to implement internal DNC compliance.**

## COUNT IV – FDUTPA

Defendants engaged in unfair and deceptive trade practices by:

a. Illegal robocalling;

b. Caller ID spoofing;

c. Concealing their true identity; and

d. Misrepresenting their affiliation with the federal Marketplace.

These practices were likely to mislead consumers acting reasonably under the circumstances and caused actual damages. Plaintiff suffered damages including wasted time, loss of phone utility, emotional distress, disruption of family life, and risk of identity misuse. Plaintiff seeks damages, attorney's fees, costs, and injunctive relief. **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, and ratified the unlawful telemarketing.**

**COUNT V – Spoofing (47 U.S.C. § 227(e) and Fla. Stat. § 501.059(8)(a))**

Defendants knowingly transmitted misleading or inaccurate Caller ID information with intent to defraud, cause harm, or wrongfully obtain a thing of value. Plaintiff seeks statutory damages and injunctive relief. **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, and ratified the unlawful telemarketing.**

**COUNT VI – Intrusion Upon Seclusion (Common Law Tort)**

By repeatedly placing unwanted, unauthorized robocalls and telemarketing calls, Defendants intentionally intruded upon Plaintiff's solitude and private affairs. These calls invaded Plaintiff's reasonable expectation of privacy, caused emotional

distress, wasted time, and disrupted Plaintiff's personal and family life. Such intrusion would be highly offensive to a reasonable person. Plaintiff seeks damages in an amount to be proven at trial. **Defendants GetMeHealthCare, LLC, Chad Sokoloff, and Michael Hilf are jointly and severally liable because Sokoloff and Hilf personally authorized, directed, and ratified the unlawful telemarketing.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, and seeks:

A. Statutory damages under **TCPA, 47 U.S.C. § 227(b)** of up to **$1,500 per call for 31 calls, totaling $46,500**;

B. Statutory damages under **TCPA, 47 U.S.C. § 227(c)** of up to **$1,500 per call for 31 calls, totaling $46,500**;

C. Statutory damages under **Fla. Stat. § 501.059** of up to **$1,500 per call for 31 calls, totaling $46,500**;

D. Actual damages and attorney's fees under FDUTPA;

E. A permanent injunction prohibiting Defendants from making calls to any consumer without prior express written consent, requiring Defendants to

implement and maintain a written internal do-not-call policy, and requiring Defendants to train all employees and third-party vendors on TCPA and Florida telemarketing compliance;

F. Pre- and post-judgment interest as permitted by law;

G. Such other relief as the Court deems just and proper;

H. Declaratory judgment that Defendants' use of spoofing, robocalls, and deceptive misrepresentations violate federal and Florida law.

**TOTAL DAMAGES REQUESTED: $139,500, plus additional damages, attorney's fees, and injunctive relief as set forth above.** Plaintiff requests that damages be awarded under the TCPA, Florida Telemarketing Act, and FDUTPA, and will elect the remedies that maximize recovery at the time of judgment to avoid double recovery.

## LEAVE TO AMEND

Plaintiff respectfully requests leave to amend this Complaint as justice requires, including to substitute the true names of the John Doe Callers once their identities are discovered through the course of litigation.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Respectfully submitted,**

## KENEISHA SMITH

*Keneisha Smith*

113 Shiloh Ave

Lady Lake, FL 32159

Tel: (352) 431-1035

Plaintiff, Pro Se

## EXHIBITS

- **Exhibit A** – Call Log (June 2–12, 2025; 31 calls)

- **Exhibit B** – DNC Registry confirmation

- **Exhibit C** – GetMeHealthCare Customer Service Email & Screenshots (Keyonna Grant)

- **Exhibit D** – Sunbiz Record for GetMeHealthCare

- **Exhibit E** – DocuSign agreement from GetMeHealthCare

- **Exhibit F** – DocuSign Email  (sent by Britney at GetMeHealthCare)

- Exhibit G – Insurance License for GetMeHealthcare

| DATE | TIME | CALLER ID | NOTES |
|---|---|---|---|
| 06/02/25 | 11:21 AM | 352-385-2809 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 1 |
| 06/02/25 | 11:24 AM | 352-520-1279 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 2 |
| 06/02/25 | 1:13 PM | 352-483-0994 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 3 |
| 06/02/25 | 2:26 PM | 352-229-8726 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 4 |
| 06/03/25 | 3:07 PM | 352-478-4395 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 5 |
| 06/03/25 | 3:18 PM | 352-274-9809 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 6 |
| 06/03/25 | 3:21 PM | 352-339-7419 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 7 |
| 06/03/25 | 3:31 PM | 352-460-0967 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 8 |
| 06/03/25 | 3:40 PM | 352-414-3502 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 9 |
| 06/04/25 | 11:38 AM | 352-458-9538 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 10 |
| 06/04/25 | 5:53 PM | 352-357-2909 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 11 |
| 06/04/25 | 6:25 PM | 352-687-3476 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 12 |
| 06/05/25 | 12:29 PM | 352-478-8504 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 13 |
| 06/05/25 | 3:34 PM | 352-483-1121 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 14 |
| 06/05/25 | 5:43 PM | 352-687-3076 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 15 |
| 06/05/25 | 5:44 PM | 352-382-3457 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 16 |
| 06/05/25 | 5:54 PM | 352-668-2646 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 17 |
| 06/05/25 | 6:27 PM | 352-369-4349 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 18 |
| 06/06/25 | 10:14 AM | 352-751-1476 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 19 |
| 06/06/25 | 10:15 AM | 352-430-3352 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 20 |
| 06/06/25 | 12:07 PM | 352-759-2179 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 21 |
| 06/06/25 | 12:20 PM | 352-245-6165 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 22 |
| 06/06/25 | 12:40 PM | 352-237-4341 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 23 |
| 06/06/25 | 1:57 PM | 352-771-7891 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 24 |
| 06/09/25 | 11:22 AM | 352-347-7402 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 25 |
| 06/09/25 | 12:32 PM | 352-767-2965 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 26 |
| 06/09/25 | 4:11 PM | 352-725-8357 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 27 |
| 06/12/25 | 4:56 PM | 352-347-0643 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 28 |
| 06/12/25 | 4:43 PM | 352-245-6110 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 29 |
| 06/12/25 | 5:02 PM | 352-647-9860 | Unauthorized automated solicitation call from "healthcare marketplace" DNC request # 30 |

| 06/12/25 | 5:23 PM | 423-577-9410 | Unauthorized automated solicitation call from "healthcare marketplace" Received email docs from GetMeHealthcare, confirming the identity of the callers |

Case 5:25-cv-00568-SPC-PRL Document 1 Filed 09/12/25 Page 22 of 28 PageID 22

**Keneisha Smith <ksmith20250@gmail.com>**

# National Do Not Call Registry - Your Registration Is Confirmed
1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>                                    Wed, Aug 13, 2025 at 12:33 PM
To: ksmith20250@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1035 on September 01, 2024. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit                                    to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

## GMHC CUSTOMER SERVICE
1 message

**Keyonna Grant <kgrant@getmehealthcare.com>**                                              Fri, Jun 13, 2025 at 12:24 PM
To: "ksmith.ingram228@gmail.com" <ksmith.ingram228@gmail.com>

0.00                    0              1 350

CUSTOMER SERVICE FOR INSURANCE , VISION, DENTAL AND LIFE

800-310-8339

KEYONNA.GRANT

MON – FRI 9:30 AM  7PM

CALL ANYTIME WITH QUESTIONS OR CONCERNS

Customer Care

Email Confidentiality Notice:

The information contained in this transmission is privileged and confidential and/or protected health information (PHI) and may be subject to protection under the law, including the Health Insurance Portability and Accountability Act of 1996, as amended (HIPAA). This transmission is intended for the sole use of the individual or entity

/ / / /

Florida Limited Liability Company
GETMEHEALTHCARE, LLC

**Filing Information**

**Document Number** L18000279367
**FEI/EIN Number** 83-2738726
**Date Filed** 12/04/2018
**State** FL
**Status** ACTIVE
**Last Event** LC NAME CHANGE
**Event Date Filed** 06/02/2025
**Event Effective Date** NONE

**Principal Address**

11465 HIBBS GROVE DRIVE
COOPER CITY, FL 33330

Changed: 11/15/2019

**Mailing Address**

11465 HIBBS GROVE DRIVE
COOPER CITY, FL 33330

Changed: 11/15/2019

**Registered Agent Name & Address**

COMITER, SINGER, BASEMAN & BRAUN, LLP
3825 PGA BLVD
SUITE 701
PALM BEACH GARDENS, FL 33410

Name Changed: 05/30/2025

Address Changed: 05/14/2025

**Authorized Person(s) Detail**

**Name & Address**

*Title MGR*

**Keneisha Smith <ksmith.ingram228@gmail.com>**

## Document e-Signature
1 message

**mail@getmehealthcare.com** <mail@getmehealthcare.com>                     Thu, Jun 12, 2025 at 5:45 PM
To: ksmith.ingram228@gmail.com

# Your Document Expired

Please request a new Verification Form from the healthcare.

Please close this browser window when no.

# Licensee Detail

**License #:**   L106036

**Business Address:**   123 NW 13TH ST STE 102
BOCA RATON, FL 33432

**Email:**   TOM@CRMGORILLA.COM

**County:**   Broward

**Agent in Charge:**   THOMAS MOURADIAN (W381460)

**Full Name:**   GETMEHEALTHCARE, LLC

**Mailing Address:**   123 NW 13TH ST STE 102
BOCA RATON, FL 33432

**Phone:**   (561) 404-0251

**NPN #:**   19226741

## Valid Licenses

| Type | Issue Date | Qualifying Appointment |
|------|-----------|------------------------|
| AGENCY LICENSE (2105) | 7/15/2019 | Appointment not required for this license type. |

## Active Appointments

No active appointments found.

## Invalid Licenses

No invalid licenses found.

## Inactive Appointments

No inactive appointments found.

HFP Insurance, LLC
2255 GLADES ROAD
SUITE 324A
BOCA RATON, FL 33431

Title President

Sokoloff, Chad
2255 Glades Road
Suite 324A
Boca Raton, FL 33431

Title CEO

Hilf, Michael
2255 Glades Road
Suite 324A
Boca Raton, FL 33431

## Annual Reports

| Report Year | Filed Date |
| --- | --- |
| 2024 | 01/16/2024 |
| 2025 | 02/05/2025 |
| 2025 | 05/30/2025 |

## Document Images