**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CASE NO. 5:25-cv-568-SPC-PRL**

KENEISHA SMITH,

Plaintiff,

vs.

GETMEHEALTHCARE, LLC,
Chad Sokoloff, Michael Hilf, and
John Doe Callers 1-10,

Defendants.
____________________________________/

**DEFENDANTS GETMEHEALTHCARE, LLC, CHAD SOKOLOFF AND MICHAEL HILF'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING LEGAL MEMORANDUM**

Defendants GetMeHealthCare, LLC, Chad Sokoloff and Michael Hilf move this Court for the entry of an Order dismissing all Counts of Plaintiff Keneisha Smith's Complaint against Defendants for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).

**LEGAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS GETMEHEALTHCARE, LLC, CHAD SOKOLOFF AND MICHAEL HILF**

## I. INTRODUCTION

Plaintiff alleges she received multiple telemarketing calls from Defendants between June 2, 2025 and June 12, 2025. Plaintiff asserts multiple claims based on these alleged telephone calls, including claims under the Telephone Consumer Protection Act ("TCPA"),

the Florida Telemarketing Act ("FTA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and for common law tort premised on intrusion into seclusion. While Plaintiff asserts claims based on various forms of liability, the operative factual allegations all stem from the telephone calls she alleges to have received—only one of which she alleges was connected to Defendants. In sum, Plaintiff alleges that the telephone calls were placed using a prerecorded or artificial voice, while she was on the National Do Not Call Registry and used "spoofed" telephone numbers.

However, Plaintiff's Complaint states conclusory allegations failing to specify any detail about the thirty-one calls she alleges to have received that in any way connect those calls to having been placed by GetMeHealthCare, LLC, Chad Sokoloff, or Michael Hilf (collectively "Defendants"). With respect to these calls, Plaintiff identifies thirty-one different originating Caller ID numbers but only tangentially connects one of those Caller ID numbers to Defendants. Plaintiff alleges that during one of the thirty-one calls, she spoke with various individuals, including "Zach" from GetMeHealthCare, "Britney" from GetMeHealthCare, and "Keyonna Grant" from GetMetHealthCare. None of the other calls identify any of the Defendants. These allegations fail to state claims premised on federal and state telemarketing laws (and tort claims) because the calls are not alleged to have been *placed by* the Defendants. Even if this Court determines that the June 12, 2025, call was placed by GetMeHealthCare, it is the only call placed by Defendants. A single call is not actionable under 47 USC § 227(c)(5); the statute specifically requires more than one telephone call within any 12-month period by or on behalf of the same entity.

In addition to the telemarketing claims, Plaintiff's Complaint merely states conclusory allegations against the individual defendants Chad Sokoloff and Michael Hilf. Such allegations are not sufficient to support a claim of individual corporate officer liability. Conclusory allegations and a recitation of the elements cannot overcome a lack of factual content.

Moreover, Plaintiff only alleges that she received calls from June 2, 2025 through June 12, 2025. (Complaint at ¶21) The Complaint does not identify any communications occurring at any time after June 12, 2025. The Complaint seeks injunctive relief against Defendants "prohibiting Defendants from making calls to any consumer without prior express written consent, requiring Defendants to implement and maintain a written internal do-not-call policy, and requiring Defendants to train all employees and third-party vendors on TCPA and Florida telemarketing compliance. (*Id.* at Prayer for Relief (E))

The portions of the Complaint seeking injunctive relief must be dismissed because Plaintiff has not pled (and cannot plead) any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of calls occurred between June 2, 2025, and June 12, 2025. Because the Complaint fails to allege any prospect of future harm, any claim for injunctive relief must also be dismissed because Plaintiff lacks Article III standing with respect to any such injunctive relief.

Lastly, the face of the allegations in the Complaint reveal that Plaintiff will not be able to state a set of facts entitling her to relief upon further amendment to the Complaint. Accordingly, Defendants respectfully submit that the Complaint should be dismissed in its entirety with prejudice because leave to amend would be futile.

## II. STATEMENT OF FACTS AS PLED IN THE COMPLAINT

### A. The Parties.

Plaintiff Keneisha Smith is a natural person residing in Lady Lake, Florida. (Complaint at ¶9) GetMeHealthCare is an active Florida limited liability company registered to do business in this District. (*Id.* at ¶10) Chad Sokoloff and Michael Hilf are adult residents of Florida who had control over GetMeHealthCare's telemarketing practices. (*Id.* at ¶¶11-12)

Plaintiff's telephone number of (XXX) XXX-1035 is a residential telephone number that is used for personal use and not for business purposes. Plaintiff registered this telephone number on the National Do Not Call Registry on September 1, 2024. (*Id.* at ¶14) Plaintiff did not consent to receiving the calls at issue in this case. (*Id.* at ¶¶15, 18)

### B. The content of the sole telephone call Plaintiff allegedly received from Defendants.

Plaintiff received thirty-one telemarketing calls between June 2, 2025 and June 12, 2025, from telephone numbers that were spoofed or potentially spoofed. (*Id.* at ¶2, 16) Plaintiff itemizes the thirty-one calls by date and originating Caller ID number, with *only one* being associated with Defendants. (*Id.* at ¶15, Exhibit A)

On June 12, 2025, a "John Doe" third-party placed a call to Plaintiff. (*Id.* at ¶21) When Plaintiff answered, the third-party agent qualified her by asking her full name, phone number, address, date of birth, and whether she had insurance through the marketplace. (*Id.* at ¶22) The third-party agent then transferred Plaintiff to Zach, a GetMeHealthCare employee. (*Id.* at ¶23) Zach asked Plaintiff additional verification questions and told

Plaintiff that she would need to sign a DocuSign agreement. (*Id.* at ¶24) Zach transferred Plaintiff to Britney, another GetMeHealthCare employee, who sent Plaintiff a DocuSign agreement and then called the Marketplace on a three-way call to complete insurance enrollment. (*Id.* at ¶26) The next day, after Plaintiff finished enrolling, she called GetMeHealthCare's customer service line and spoke with Keyonna Grant. (*Id.* at ¶29) Keyona confirmed that Plaintiff completed enrollment the day prior, and Plaintiff alleges that this confirmation revealed that GetMeHealthCare was the company responsible for the June 12, 2025 call. (*Id.* at ¶30)

C. Plaintiff's allegations regarding Chad Sokoloff and Michael Hilf personally.

In conclusory fashion, Plaintiff further alleges that Chad Sokoloff and Michael Hilf (Individual Defendants) had "direct control over telemarketing practices." (*Id.* at ¶38) Plaintiff offers no details if the Individual Defendants' involvement with any of the calls and only provides conclusory allegations stating the "Sokoloff and Hilf knowingly approved the use of third-party callers, failed to implement compliance safeguards, and directly benefited from the unlawful scheme." *Id.* Plaintiff fails to include any information detailing *what* specifically the Individual Defendants did or *how* they did it. In sum, these allegations are conclusory and lack any *facts* to support a claim against the Individual Defendants for personal liability under the TCPA.

## III. LAW AND ARGUMENT

### A. Plaintiff's allegations improperly group the Defendants together, failing to provide Defendants with proper notice of the basis of the claims against each Defendant.

A complaint constitutes an impermissible "shotgun pleading" if it asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *S. Y. v. Wyndham Hotels & Resorts, Inc.*, 521 F. Supp. 3d 1173 (M.D. Fla. 2021). Such a pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests and violates the requirement that a plaintiff provide a short and plain statement of the claim. *Id.* When a plaintiff's complaint does not provide *specific details*, the complaint fails to give sufficient notice against each of the defendants. *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012).

The purpose of these pleading rules is clear—a plaintiff must present his claims discretely and succinctly, so that each defendant can discern what the plaintiff is claiming and frame a responsive pleading. The rules also provide a court the ability to determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden. *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 (11th Cir.1985).

Here, Plaintiff's Complaint is factually deficient for each specific defendant. Plaintiff's twenty-eight-page Complaint is a "shotgun" pleading and pleads few facts that put each Defendant on notice of any alleged wrongdoing. She alleges to have received thirty-one telephone calls between June 2, 2025 and June 12, 2025 placed by Defendants, unidentified agents of Defendants, or John Does. (Complaint at ¶15) She does not specify which Defendant made each specific call, what they did, or how they did it. Plaintiff's speculation about "third parties" and "John Does" fails to state facts sufficient to put each Defendant on notice about how she alleges they are connected to any of the calls.

Plaintiff asserts six separate Counts against the Defendants *collectively*. None of the six Counts are clearly directed at any particular Defendant. Drafted in this manner, the Complaint completely fails to connect any specific events with the various Counts asserted by Plaintiff. Pleading in this fashion violates Rule 8(a)(2)'s requirement that Plaintiff provide Defendants with adequate notice of the claims against them and the grounds for such claims, warranting dismissal of Plaintiff's Complaint.

B. Plaintiff fails to state claims upon which relief may be granted as to Defendants because she fails to plead any facts identifying them as being connected to the thirty-one calls at issue.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

This standard has been reaffirmed and reiterated by the Eleventh Circuit. For example, in *Wooten v. Quicken Loans, Inc*, the court stated: "We will dismiss a case for failure to state a claim if the complaint on its face fails to put forth sufficient factual matter and legal basis for the court to draw a reasonable inference that the defendant is liable. 626 F.3d 1187, 1196 (11th Cir.2010); *see also S. Y. v. Wyndham Hotels & Resorts, Inc*., 519 F.Supp.3d 1069 (M.D. Fla. 2021).

Moreover, a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). A mere possibility of wrongdoing is insufficient. A complaint that merely alleges possible misconduct does not "show" that the pleader is entitled to relief as required by Fed. R. Civ. P. 8(a)(2). *Iqbal*, 566 U.S. at 679. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*, 556 U.S. at 678 (quotations and citation omitted).

Here, Plaintiff's Complaint alleges that she received thirty-one telemarketing calls between June 2, 2025 and June 12, 2025 from telephone numbers that are spoofed or potentially spoofed. (Complaint at ¶2) She only alleges one of the calls was from GetMeHealthCare. (*Id.* at ¶¶21-32) The content of the other calls remains unknown; she only claims, through an exhibit, that they are from "healthcare marketplace." There are no allegations as to the caller(s), content of the calls, offers presented, or any other facts

beyond "speculation." Plaintiff fails to allege any other facts plausibly inferring that the GetMeHealthcare Defendants placed any of those calls. Basic facts such as the name of the Defendant(s) who made the calls is absent. These allegations, when taken together, fail to state sufficient facts connecting the GetMeHealthCare Defendants in any way to any of the thirty calls.

Assuming arguendo only that Plaintiff is able to establish that Defendants *placed* the June 12, 2025 call, that is the only call that she could plausibly link to Defendants. The Complaint contains no facts that connect Defendants to the remaining thirty calls. To recover for Do Not Call violations under the TCPA, private plaintiffs must receive more than one telephone call within any 12-month period by or on behalf of the same entity to bring a lawsuit. 47 U.S.C. § 227(c)(5). In *Cordoba v. DIRECTV, LLC*, the court confirmed that the TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations. 942 F.3d 1259 (2019) Unlike the plaintiff in *Cordoba* who received eighteen calls <u>from the defendant</u>, Plaintiff only arguably received one from GetMeHealthCare. For these reasons, Plaintiff fails to state a claim for relief for do not call violations under the TCPA against the Defendants.

C. Plaintiff lacks Article III standing to seek injunctive relief.

To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve cases and controversies. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). Standing is not a mere pleading requirement but rather an indispensable part of the plaintiff's case. Each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the "manner and degree of evidence required at the successive stages of the litigation." *Jacobson v. Fla. Sec'y of State,* 974 F.3d 1236, 1245 (11th Cir. 2020) citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992).

Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing is treated as a motion under Fed. R. Civ. P. 12(b)(1). In bringing a motion to dismiss for lack of subject matter jurisdiction, a defendant may challenge subject matter jurisdiction in one of two ways. A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient. In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. In contrast, a facial challenge argues that the plaintiff has not sufficiently alleged a basis of subject matter jurisdiction. In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the

plaintiff. *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.,* 524 F.3d 1229 (2008); *see Douglas v. U.S.,* 814 F.3d 1268 (2016).

In this case, the face of the Complaint demonstrates that Plaintiff lacks Article III standing to seek injunctive relief, which would require her to establish continuing, present adverse effects traceable to Defendants' conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" Thus, past injuries "may suffice to confer individual standing for monetary relief" but "a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm." *Williams v. Reckitt Benckiser LLC,* 65 F.4th 1243, 1253 (11th Cir. 2023) citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); see also *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2210 ("[A] plaintiff's standing to seek injunctive relief does not necessarily mean that the plaintiff has standing to seek retrospective damages.").

Here, Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff alleges that she received thirty-one telephone calls, with the last one being almost five months ago. Plaintiff does not allege any facts to suggest in any way that she may suffer any continuing or possible future injury. Accordingly, dismissal of the Complaint as to all requests for injunctive relief is appropriate.

D. Plaintiff fails to plead facts establishing that Chad Sokoloff or Michael Hilf can be individually liable.

Similarly, Plaintiff fails to allege anything more than conclusory allegations against Chad Sokoloff or Michael Hilf. These conclusory allegations cannot establish personal liability under the TCPA. Recently in *Worsham v. TSS Consulting Group, LLC*, this district court stated that "before corporate officers may be held personally liable under the TCPA, they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct." *Worsham v. TSS Consulting Grp., LLC,* No. 6:18-CV-1692-LHP, 2023 WL 2664203, at *9 (M.D. Fla. Mar. 28, 2023). The court went on to explain in *Worsham* that while Plaintiff has established that the individual defendant in that case was a managing member of the corporate defendant, plaintiff has not submitted any evidence that the individual defendant had any direct, personal participation in any of the unsolicited robocalls at issue in this case. *Id.*

Here, like in *Worsham*, Plaintiff's allegations against Chad Sokoloff and Michael Hilf individually are conclusory and do not support individual liability. Plaintiff alleges that both individual defendants had direct control over the telemarketing practices and that they knowingly approved of the use of third-party callers, failed to implement compliance safeguards, and directly benefited from the unlawful scheme. (Complaint at ¶38). As to Mr. Sokoloff, Plaintiff makes a general allegation that he had ultimate decision-making authority over marketing practices and directly approved the use of outbound telemarketing. She states that Mr. Hilf specifically had direct supervisory authority over compliance with state and federal telemarketing laws. In conclusory fashion only, Plaintiff

states that the Individual Defendants authorized, directed, and ratified the telemarketing scheme. (*Id.* at ¶38C).

Most notably missing from Plaintiff's allegations about the Individual Defendants are any specific facts about what they did or did not do in a way to show that they participated in, placed, actively oversaw, or directed conduct in violation of the TCPA. There are no allegations that either Individual Defendant had direct, personal participation in any of the unsolicited robocalls. In sum, these vaguely pled facts fail to state claims against the Individual Defendants in their personal capacity. Formulaic recitation of the elements of a claim, without specific facts, do not plausibly state the basis for a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

E. Dismissal of Plaintiff's Complaint should be with prejudice because further amendment would be futile.

While it is true that, under Fed. R. Civ. P. 15(a), the Court should freely give leave to amend when justice so requires, an amendment to a Complaint is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. Courts generally apply the same standard of legal sufficiency to determine futility as they do for motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.2007). Indeed, the Court may properly dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case and/or if amendment would be futile. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)

Here, the face of Plaintiff's Complaint reveals that she can state no facts entitling her to relief. Plaintiff can only marginally connect one call to Defendants, which does not give rise to a claim under the TCPA. The complaint alleges, at most, a single telemarketing call plausibly linked to the Defendants, while the statutory requirement under the TCPA (47 U.S.C. § 227(c)(5)) is that more than one call within a 12-month period is necessary for a private action. The legal inability to meet this threshold is not a matter of inadequate factual detail, but legal fail. A single call is not actionable under 47 USC § 227(c)(5). The statute specifically requires more than one telephone call within any 12-month period by or on behalf of the same entity.

In addition, Plaintiff's allegations show that all conduct took place in the past and there is no ongoing or imminent harm. As demonstrated in the cases cited above, a plaintiff must show a likelihood of future injury, not only past harm. Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff does not allege any facts to suggest in any way that she may suffer any continuing or possible future injury. This defect cannot be cured by amending the Complaint; all alleged violations ended on June 12, 2025.

Further leave to amend the Complaint prejudices Defendants. Therefore, Defendants respectfully submit the Complaint should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons explained herein, the GetMeHealthCare Defendants respectfully request the Court for an Order granting the following relief requested: (i) an Order dismissing the Complaint (ECF No. 1) for failure to state a claim upon which relief maybe

granted pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) an Order dismissing the Complaint as to all injunctive relief claims pursuant to Fed. R. Civ. P. 12(b)(1).

**LOCAL RULE 3.01(g) CERTIFICATE**

The undersigned counsel for Defendants certifies that, in compliance with its obligations under Local Rule 3.01(g), they conferred in good faith with *pro se* Plaintiff, regarding the basis of the instant Motion to Dismiss and Plaintiff advised that she intends to oppose the Motion.

Respectfully submitted,

*/s/Nelson C. Bellido*

NELSON BELLIDO
Florida Bar No. 974048
ROIG LAWYERS
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (305) 405-0997
nbellido@roiglawyers.com

*Attorney for Defendants, GetMeHealthCare, LLC, Chad Sokoloff and Michael Hilf*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the matter specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Nelson C. Bellido*