UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENEISHA SMITH,

     Plaintiff,

v.                                                          Case No.:  5:25-cv-568-SPC-PRL

GETMEHEALTHCARE, LLC,

     Defendant.

_____

**OPINION AND ORDER**

Before the Court is Defendant GetMeHealthCare, LLC's Motion to Dismiss.  (Doc. 13).  Pro se Plaintiff Keneisha Smith responded in opposition.  (Doc. 14).  For the following reasons, the Court denies the motion.

In its previous Order dismissing the complaint, the Court summarized the background of this Telephone Consumer Protection Act ("TCPA") case and set forth the Federal Rule of Civil Procedure 12 legal standard; it incorporates those facts and law herein.  (Doc. 11 at 1–5).  Here, the Court only recounts those amended allegations relevant to resolving the motion.

In her First Amended Complaint,[1] Plaintiff brings one claim against Defendant under the TCPA, 47 U.S.C. § 227(c).  To state a claim under the

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

TCPA, a plaintiff must allege that she has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" *Id.* at § 227(c)(5).

Plaintiff alleges that although she registered her cell phone number on the National Do Not Call Registry in 2024, she nevertheless received 31 telemarketing calls between June 2–12, 2025. (Doc. 12 ¶¶ 5, 7). Third-party telemarketers acting by and on behalf of Defendant placed each call. (*Id.* ¶ 10). "During each of the calls . . . , the callers represented that they were calling regarding health-insurance coverage and/or Marketplace enrollment, and requested personal identifying and insurance-eligibility information[.]" (*Id.* ¶ 11).

In the motion to dismiss, Defendant argues that Plaintiff's First Amended Complaint contains conclusory allegations and mere speculation that do not satisfy Rule 12(b)(6). (Doc. 13 at 4). More specifically, it contends that Plaintiff has not even alleged that she *answered* 30 of the 31 calls. According to Defendant, if Plaintiff never answered the calls, how can she allege what was said? And even if Plaintiff could plead details, her complaint does not adequately link Defendant to the calls.

This case is still a close call. But at this stage of the litigation and considering Plaintiff's pro se status, the Court concludes that Plaintiff has alleged just enough to survive the motion to dismiss. First, Defendant's

argument that Plaintiff does not allege she answered the calls is without merit. Plaintiff alleges that the "callers represented" certain facts. (Doc. 12 ¶ 10). Though she does not allege as much, it is reasonable to infer that Plaintiff knows what the callers represented because she either answered the calls or the callers left voicemails explaining the nature of the calls. *See Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV-HUCK, 2008 WL 4648999, at *1 (S.D. Fla. Oct. 20, 2008) (citing *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1198 n.2 (11th Cir. 2001) ("At the motion to dismiss stage, the Court accepts all well-pleaded facts as true, and all reasonable inferences therefrom are construed in the light most favorable to the plaintiffs.")).

Second, Plaintiff alleges enough to link the calls to Defendant. She alleges third-party telemarketers acting by and on behalf of Defendant placed the calls and that the calls were about health insurance coverage or marketplace enrollment. Further, she alleges that all of the calls occurred within a ten-day period, bolstering the idea that they were made by or on behalf of Defendant as part of its telemarketing campaign. (Doc. 12 ¶¶ 4, 28). In short, she has alleged just enough facts regarding the callers' identities, the content of the calls, and the timeframe of the calls to state a claim under the TCPA. Whether Plaintiff can ultimately prove Defendant's liability is a matter for another day.

Accordingly, it is now

**ORDERED:**

Defendant GetMeHealthCare, LLC's Motion to Dismiss (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4