**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CASE NO. 5:25-cv-568-SPC-PRL**

KENEISHA SMITH,

       Plaintiff,

v.

GETMEHEALTHCARE, LLC,

       Defendant.

_____/

**ANSWER OF DEFENDANT GETMEHEALTHCARE, LLC TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND
COUNTERCLAIM-PLAINTIFF GETMEHEALTHCARE, LLC'S
COUNTERCLAIMS AGAINST
PLAINTIFF/COUNTER-DEFENDANT KENEISHA SMITH**

Defendant, GetMeHealthCare, LLC ("Defendant"), by and through undersigned counsel, respectfully submits its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiff Keneisha Smith ("Plaintiff") filed January 15, 2026, as ECF No. 12, and its Counterclaims against Counter-Defendant Keneisha Smith, and states as follows:

## ANSWER

## I. PARTIES

1.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2.      Defendant admits only that it is Florida limited liability company. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

## II.  JURISDICTION AND VENUE

3.      Defendant admits only that this Court has federal question jurisdiction over claims asserted pursuant to the Telephone Consumer Protection Act ("TCPA").

4.      Defendant denies the allegations contained in paragraph 4 of the Complaint.

## III. FACTUAL ALLEGATIONS

5.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore denies the same.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies the same.

9.   Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.   Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12.   Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.   Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.   Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.   Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint.

## IV. <u>CLAIM FOR RELIEF</u>

## <u>COUNT I</u>

27.    Defendant restates and incorporates by reference as if fully rewritten herein the above statements and averments in response to paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

## V. <u>DAMAGES</u>

34.    Defendant denies that Plaintiff is entitled to damages.

35. Defendant denies that Plaintiff is entitled to the relief requested.

## VI. RESERVATION OF RIGHT TO AMEND

36. The allegations contained in paragraph 36 of the Complaint are ones to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff should be entitled to further amend the Complaint.

## VII. JURY DEMAND

37. Defendant also demands a trial by jury for all so claims so triable.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief for which she prays. Defendant prays that Plaintiff's Amended Complaint be dismissed with prejudice, and the Court award Defendant the costs of this action and expenses, including reasonable attorney's fees, and for such further and other relief as the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because the alleged telephone calls were not placed by Defendant, Defendant's agent, or any other entity for which Defendant may be vicariously liable under the TCPA.

3. Plaintiff lacks standing to bring this action because she has not suffered an injury-in-fact as a result of any conduct by Defendant.

6

4.      Plaintiff failed to join necessary and/or indispensable parties.

5.      Plaintiff is not the real party in interest.

6.      The imposition of statutory damages against Defendant under the TCPA would violate the Due Process Provision of the United States Constitution.

7.      Plaintiff's claims are barred to the extent that she is not a called party within the meaning of the TCPA.

8.      Plaintiff's claims are barred because any telephone calls alleged to have violated the TCPA occurred with prior consent.

9.      Plaintiff has an established business relationship with Defendant.

10.     Defendant acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

11.     Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff.

12.     Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

13.     To the extent there was any violation of the TCPA, which Defendant denies, such violation was the result of conduct of a third-party with

whom Defendant has no relationship or who acted outside the scope of any legal authority and/or agency.

14.    To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B) or 47 U.S.C. § 227(c)(5)(B).

15.    To the extent there was any violation of the TCPA by Defendant, which Defendant denies, Defendant shall be liable for no more than a $500.00 penalty as Defendant denies that it willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C) or 47 U.S.C. § 227(c)(5)(C).

16.    The statutory damages provisions of the TCPA violate the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, in addition to violating the due process clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm that may be suffered by Plaintiff.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice, and award Defendant the costs of this action and expenses, including reasonable attorneys' fees, and for such further and other relief as the Court may deem just and proper.

## COUNTERCLAIM-PLAINTIFF GETMEHEALTHCARE, LLC'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT KENEISHA SMITH

Counterclaim-Plaintiff, GetMeHealthCare, LLC ("GMHC"), states its Counterclaim against Plaintiff/Counter-Defendant, Keneisha Smith, as follows:

1. Smith is a Party to this action and has appeared before the Court.

2. This Court has jurisdiction and venue over Smith only insofar as this Court has jurisdiction and venue over her claims asserted against GMHC herein.

3. GMHC denies liability for the claims asserted by Smith in this case and requests that all claims be dismissed.

4. For its Counterclaim, GMHC states as follows:

### Factual Allegations

5. GMHC does not make outbound phone calls.

6. Smith received a phone call close to one year ago on June 12, 2025. GMHC did not make that call. Smith did not hang up. That call lasts for 7 minutes and 2 seconds. GMHC possesses a recording of the call.

7. For the first 6 minutes and 7 seconds of the call, Smith willingly and freely spoke with the caller. Smith did not tell the caller: (a) that she was on the National Do Not Call Registry, (b) that she should not have been contacted, or (c) that the call was unsolicited and she did not wish for such

9

contact to occur.  Smith remained fully engaged and never once expressed that the call was unsolicited and unwanted.

8.      Between 3 minutes, 50 seconds (3:50) and 5 minutes, 36 seconds (5:36) of the call, Smith clearly stated numerous times that she had recently opted in and consented electronically and that she agreed to be connected with a licensed insurance agent.

9.      During the call, Smith answered numerous questions and provided private, personal information such as her annual household income and employment status.

10.     During the call, Smith lied about her age. Indeed, if Smith was genuinely interested in obtaining health insurance coverage that matched her specific needs, she would have provided accurate personal information.  Smith was not interested in obtaining health insurance, instead, she was laying the foundation to pursue a TCPA lawsuit.  Her actions were contrived for the sole purpose of being a predicate for a lawsuit.

11.     At 6 minutes, 7 seconds into the call, pursuant to the consent provided by Smith, the caller connected Smith with Zach, a licensed insurance agent at GMHC.

12.     In reasonable reliance upon and pursuant to the consent provided by Smith, GMHC accepted the transfer of the call.

13. Smith did not tell Zach: (a) that she was on the National Do Not Call Registry, (b) that she should not have been contacted, or (c) that the call was unsolicited and she did not wish for such contact to occur. Instead, Smith confirmed to Zach that she did not have insurance and was looking for coverage.

14. Smith continued the call with Zach and he conferenced in a representative from the Federal Health Insurance Marketplace. With Smith on the line, the Marketplace representative assisted with the completion of Smith's enrollment. She enrolled in a Focused Silver – HMO plan with Ambetter Insurance.

15. Smith's active participation with process and decision to be enrolled into a health insurance plan is wholly inconsistent with not wanting to be contacted in the first place.

16. Given that Smith did not have health insurance coverage as of June 12, 2025, she enjoyed the benefit of a licensed insurance agent searching for and presenting the most suitable health insurance plan for her and her specific needs. These circumstances are not representative of a person who alleges to have been bothered and harassed by receiving a call about health insurance coverage at a point in time when she needed it.

11

## COUNT I

## FRAUDULENT MISREPRESENTATION

17. GMHC restates and incorporates its allegations herein as if fully restated.

18. On the June 12, 2025 call, several times Smith affirmatively acknowledged to the caller that she had previously opted in and consented electronically, and that the caller had her permission to connect her with a licensed insurance agent. Those false statements by Smith are material to GMHC's fraudulent misrepresentation claim against her.

19. Smith knew that she didn't want to be contacted and that she didn't want to be connected with a licensed insurance agent.

20. Smith falsely represented to the caller that he had her permission to connect her with a licensed insurance agent in order to induce the caller to connect her with a licensed insurance agent and for the licensed insurance agent to speak with her about the health insurance coverage she needed.

21. But for Smith's representations that she had previously opted in and consented electronically, and that the caller had her permission to connect her with a licensed insurance agent, the call would not have continued and Smith would not have been connected with the licensed insurance agent.

12

22.    Smith's false statements were intended to induce the caller to connect her with the licensed insurance agent to discuss health insurance coverage, even though she then knew that she didn't want to be contacted.

23.    Had Smith told the caller that she was on the National Do Not Call Registry and should not have been contacted, the call would have been terminated and she would not have been connected with the licensed insurance agent.

24.    Smith fraudulently induced the caller and the licensed agent to continue the call by lying that she had opted in and consented electronically, and agreed to be connected with the licensed insurance agent.

25.    The licensed insurance agent spoke with Smith in reasonable reliance on her representations (which were lies) that she opted in and consented electronically and agreed to be connected.

26.    Had Smith not lied, GMHC would not be in the position of having to defend this lawsuit.

27.    As a direct result of speaking with Smith in reasonable reliance on her intentional misrepresentations, GMHC has and will continue to suffer reputational damages and will continue to incur attorney's fees and litigation expenses to defend itself in this lawsuit.

28.    GMHC has also suffered reputational damage as a direct result of Smith's lies.

13

## COUNT II

## FRAUDULENT INDUCEMENT

29. GMHC restates and incorporates its allegations herein as if fully restated.

30. On the June 12, 2025 call, several times Smith affirmatively acknowledged to the caller that she had previously opted in and consented electronically, and that the caller had her permission to connect her with a licensed insurance agent. Those false statements by Smith are also material to GMHC's fraudulent inducement claim against her.

31. Smith knew these statements were false at the time she made them and that she didn't want to be contacted and that she didn't want to be connected with a licensed insurance agent.

32. Smith falsely represented to the caller that he had her permission to connect her with a licensed insurance agent in order to fraudulently induce the caller to connect her with a licensed insurance agent and for the licensed insurance agent to speak with her about the health insurance coverage she needed.

33. The caller reasonably and justifiably relied on these false statements by Smith.

34. But for Smith's false representations that she had previously opted in and consented electronically, upon which the caller reasonably and

14

justifiably relied, the call would not have continued, and Smith would not have been connected with the licensed insurance agent.

35. Smith's false statements were intended to induce the caller to connect her with the licensed insurance agent to discuss health insurance coverage, even though she then knew that she didn't want to be contacted.

36. Had Smith told the caller that she was on the National Do Not Call Registry and should not have been contacted, the call would have been terminated and she would not have been connected with the licensed insurance agent.

37. Smith fraudulently induced the caller and the licensed agent to continue the call by lying that she had opted in and consented electronically, and agreed to be connected with the licensed insurance agent.

38. The licensed insurance agent spoke with Smith in reasonable reliance on her representations (which were lies) that she opted in and consented electronically and agreed to be connected.

39. Had Smith not lied, GMHC would not be in the position of having to defend this lawsuit.

40. As a direct result of speaking with Smith in reasonable and justifiable reliance on her intentional misrepresentations, GMHC has and will continue to suffer reputational damages and will continue to incur attorney's fees and litigation expenses to defend itself in this lawsuit.

41.    GMHC has also suffered reputational damage as a direct result of Smith's lies.

WHEREFORE, GMHC prays for the following relief against Smith:

(a)    Compensatory damages in an amount to be determined;

(b)    Punitive damages in an amount to be determined;

(c)    Declaratory and injunctive relief prohibiting Smith from contacting GMHC in the future;

(d)    Declaratory relief that GMHC did not engage in any conduct in violation of the law;

(e)    An award of attorneys' fees; and

(f)    Any and all other relief deemed just and proper by the Court.

## <u>DEMAND FOR TRIAL BY JURY</u>

Counter-Plaintiff, GetMeHealthCare, LLC, demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/Nelson C. Bellido*
NELSON C. BELLIDO
Florida Bar No. 974048
ROIG LAWYERS
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (305) 405-0997
nbellido@roiglawyers.com

*Attorney for Defendant,*
*GetMeHealthCare, LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and/or pro se parties identified in the matter specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Nelson C. Bellido*
Nelson C. Bellido
