UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENEISHA SMITH,

      Plaintiff/Counterclaim-
Defendant,

v.                                                          Case No.:  5:25-cv-568-SPC-PRL

GETMEHEALTHCARE, LLC,

      Defendant/Counterclaim-
Plaintiff.

**OPINION AND ORDER**

Before the Court is pro se Plaintiff/Counterclaim-Defendant Keneisha Smith's ("Smith") motion to dismiss Defendant/Counterclaim-Plaintiff GetMeHealthCare, LLC's ("GMHC") amended counterclaim. (Doc. 20). GMHC responded in opposition. (Doc. 29). For the following reasons, the Court denies the motion.

**Background**

Smith filed this action seeking relief under the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, *et seq.*[1] (Doc. 12). She alleges she received 31 unwanted telemarketing calls between June 2, 2025, and June 12,

---

[1] Smith originally sought relief under related Florida statutes but abandoned those claims upon amending her complaint.

2025.  These calls occurred despite Plaintiff's enrollment in the National Do Not Call Registry as of September 1, 2024.  She alleges that on June 12, 2025, she answered one call from a third-party telemarketing agent hired by GMHC.[2] The agent asked for her name, phone number, address, date of birth, and whether she had insurance through the federal insurance marketplace.  Smith provided the requested information and never indicated she had placed herself on the National Do Not Call registry.

The agent transferred Smith to Zach, a GMHC employee.  Zach conferenced in a representative from the Federal Health Insurance Marketplace, who helped Smith complete the enrollment process.  Smith enrolled in a "Focused Silver – HMO plan with Ambetter Insurance."  (Doc. 19 ¶ 14).

Smith brings a claim against GMHC under the TCPA.  She alleges that the repeated calls she received from telemarketers violate the TCPA.[3]  She further alleges that GMHC essentially orchestrated the unwanted calls

---

[2] GMHC sent a recording of the June 12, 2025 call and attached a transcript of the call to its response to the motion to dismiss.  (Docs. 29-1, 29-2).  The Court considers the recording and transcript under the incorporation by reference doctrine because the call is "central to" as well as alleged in GMHC's counterclaims and the authenticity of the recording and transcript is "undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Davidson v. Hyundai Transys Georgia Seating Sys., LLC*, No. 2:26CV33-MHT (WO), 2026 WL 1284026, at *3 (M.D. Ala. May 11, 2026) (explaining that the incorporation by reference doctrine includes documents attached to a response in opposition).

[3] To state a TCPA claim, a plaintiff must allege: "(1) a call was made to a cell or wireless phone, (2) by the use of an automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350 (S.D. Fla. 2018) (quotation omitted).

because the third-party telemarketers acted on their behalf.  (Doc. 12 ¶ 10).

Because of this, Smith alleges GMHC is vicariously liable under the TCPA.

GMHC answered the complaint and filed a counterclaim.  (Doc. 19).

GMHC brings counterclaims for fraudulent misrepresentation and fraudulent

inducement.  GMHC alleges that Smith's willingness to participate in the June

12, 2025, call is inconsistent with her wish not to be contacted.  GMHC's theory

is that she provided false information to the third-party caller to manufacture

this lawsuit.  Specifically, GMHC alleges that Smith falsely stated "that she

had recently opted in and consented electronically and that she agreed to be

connected with a licensed insurance agent," which was inconsistent with her

placing herself on the Do Not Call Registry.  (*Id.* ¶¶ 8, 20, 34).  GMHC further

alleges that Smith lied regarding her age, which demonstrates she had no

genuine interest in obtaining health insurance.  (*Id.* ¶ 10).  According to

GMHC, "[Smith]'s actions were contrived for the sole purpose of being a

predicate for a lawsuit." (*Id.*).  Smith moves to dismiss the counterclaim under

Federal Rules of Civil Procedure 12(b)(1), 9(b), and 12(b)(6).

## Legal Standard

A Rule 12(b)(1) motion challenges federal subject matter jurisdiction.

Federal courts may exercise supplemental jurisdiction over state law claims

that independently lack federal subject matter jurisdiction if they are "so

related to claims in the action within such original jurisdiction that they form

part of the same case or controversy[.]"[4]  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over claims even if they are transactionally related.  One of the bases for declination, relevant here, is if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c).

Rule 9(b) requires a pleader to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud."  *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 483 (11th Cir. 2015) (cleaned up).  In other words, claims of fraud must proffer "the who, what, when, where, and how of the fraud alleged."  *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022).

A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint."  *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted).  A district court should dismiss a claim where a party fails to plead facts that

---

[4] GMHC does not claim that an independent basis for federal subject matter jurisdiction exists for its counterclaims.  (Doc. 19 ¶ 2).

4

make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678.

### Analysis

Smith offers a cavalcade of arguments in her motion to dismiss. First, Smith asks the Court to decline to exercise supplemental jurisdiction over GMHC's counterclaims. Second, Smith contends that GMHC fails to plead fraudulent conduct with particularity under Rule 9(b). Third, Smith argues that the counterclaim fails to allege damages resulting from her alleged fraud and should be dismissed under Rule 12(b)(6). Fourth, Smith asserts that GMHC's request for declaratory and injunctive relief is duplicative of its affirmative defenses to Smith's TCPA claim. Finally, Smith argues the two theories of fraud GMHC brings are duplicative of each other. For the following reasons, the Court finds all of Smith's arguments to be meritless.

The Court starts, as it must, with jurisdiction. Smith argues that the Court should decline to exercise supplemental jurisdiction over GMHC's counterclaims because they would substantially predominate over her TCPA

claim.  GMHC responds that Smith's characterization is inaccurate, and that its counterclaims are transactionally related to Smith's claim.  The Court agrees with GMHC.

The Court exercising supplemental jurisdiction over the counterclaims is proper.  GMHC's counterclaims are compulsory because they arise "out of the transaction or occurrence that is the subject matter of" Smith's claim and "do[] not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a)(1)(A)–(B).  Thus, the Court exercises supplemental jurisdiction over the counterclaims.  *See, e.g.*, *Battles v. Americredit Fin. Servs., Inc.*, No. 6:25-CV-917-RBD-RMN, 2025 WL 4060930, at *1 (M.D. Fla. Oct. 28, 2025) ("Supplemental jurisdiction over compulsory counterclaims is automatic.") (citation omitted). Moreover, the Court agrees with GMHC that the counterclaims do not substantially predominate over Smith's claims, as they will necessarily require development of the same facts regarding the June 12, 2025, call.  (Doc. 29 at 7–12).  So, the Court rejects Smith's jurisdictional argument.

Next, the Court addresses Smith's Rule 9(b) argument.  Smith argues the counterclaims fail to adequately allege the facts and circumstances of fraudulent conduct during the June 12, 2025, call.  Specifically, she states the counterclaims fail to specifically allege the circumstances of the fraud itself,

6

who relied on her fraudulent statements, or what her motivation to commit fraud would be.  (Doc. 20 at 8–10).  Smith is mistaken.

The counterclaims satisfy Rule 9(b)'s particularity requirement.  GMHC alleges all of the relevant details regarding the alleged fraud, such as Smith's conduct before the call (her consent to be contacted), when the call took place (June 12, 2025), how long the call was in total (7 minutes and 2 seconds), what misrepresentations Smith made during the call (that she consented to be contacted and her age), as well as how GMHC relied on the misrepresentations (by accepting the call from the third-party agent after Smith provided her consent to them and completing her enrollment).  (Doc. 19 ¶¶ 8–15); (*see also* Doc. 29-2 at 2–4).  GMHC alleges that Smith's motivation to commit fraud was to predicate a lawsuit against GMHC to get money.  (Doc. 19 ¶ 10).  While Smith may disagree with that allegation, the Court must accept it as true at the pleading stage.  *See Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009) (citation omitted).  The recording and transcript of the June 12, 2025 call support most, if not all, of GMHC's allegations.  (Doc. 29-2).  GMHC provided "the who, what, when, where, and how of the fraud alleged." *Omnipol*, 421 F. Supp. 3d at 1343; *Final Expense Direct v. Python Leads, LLC*, No. 8:23-CV-2093-WFJ-AAS, 2024 WL 474038, at *6 (M.D. Fla. Feb. 7, 2024) (finding complaint satisfied particularity requirement).  So, the Court rejects Smith's Rule 9(b) argument.

Now, the Court addresses the issue of damages. Smith argues that the counterclaims fail to sufficiently allege any damages resulting from her purported fraudulent conduct. GMHC responds that its allegations regarding reputational harm and litigation expenses from defending against Smith's suit are adequate at the pleading stage. GMHC is correct.

GMHC's counterclaim plausibly alleges damages arising from Smith's alleged fraud. At the outset, the particularity requirement extends to the "circumstances constituting fraud or mistake," but does not require a plaintiff to plead damages with that same level of specificity, as Smith suggests. Fed. R. Civ. P. 9(b); *see also Brexendorf v. Bank of Am., N.A.*, 319 F. Supp. 3d 1257, 1261 (M.D. Fla. 2018) (noting the requirements to "satisf[y]" Rule 9(b)'s particularity requirement). Simply put, GMHC's damages allegations suffice, as both reputational harm and the burden of defending a suit are valid bases to allege damages. *See Khan v. United States*, 749 F. Supp. 3d 1288, 1303–04 (S.D. Fla. 2024) (noting reputational harm sufficed as a basis for damages under Florida law); *K3 Enters., Inc. v. Sasowski*, No. 20-24441-CIV, 2022 WL 17987272, at *1 (S.D. Fla. Sept. 8, 2022) (same); *White Cap, L.P. v. Mowers*, No. 1:19-CV-02750-SDG, 2022 WL 35594, at *1 (N.D. Ga. Jan. 3, 2022) (same); *Mkt. Dev. Corp. v. P'ship 97, Ltd.*, No. 1:13-CV-35-MW/GRJ, 2014 WL 12989445, at *3 n.3 (N.D. Fla. June 24, 2014) (denying summary judgment for defendant where plaintiff alleged "time spent defending" the suit as a basis for

8

damages); *cf. Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022) (finding that "[t]ime or money spent in defending against a legal action" could be a basis to find plaintiff suffered an injury and had standing to sue). GMHC plausibly alleges damages.

Finally, the Court addresses Smith's duplicative arguments. First, Smith argues that the counterclaims' requested injunctive and declaratory relief is "improper and unnecessary" because it essentially duplicates GMHC's defense against her claim. (Doc. 20 at 12). In a similar vein, Smith contends that GMHC's fraudulent misrepresentation and fraudulent inducement claims are duplicative of each other. The Court disagrees with Smith on both grounds.

Smith's argument regarding GMHC's requested declaratory and injunctive relief lacks merit. To start, some of the relief GMHC asks for is prospective, and therefore has no nexus with any defenses. (*See* Doc. 19 ¶ 41(c) (requesting injunction that Smith not contact GMHC in the future)). The remaining relief GMHC seeks is a declaratory ruling that GMHC did not violate the TCPA. The Court has previously found declaratory relief is not duplicative of an affirmative defense, even if there is some overlap between the two. *See Scott A. Saveraid Tr. v. QBE Specialty Ins. Co.*, No. 2:25-CV-394-SPC-DNF, 2025 WL 3122865, at *2 (M.D. Fla. Nov. 7, 2025) ("*Saveraid*") (explaining that "affirmative defenses only relieve a party from liability while declaratory

9

relief asks for an affirmative declaration that a party's interpretation of a statute or policy is correct") (internal quotation and marks omitted).  Moreover, even if the declaratory relief "turns out to be completely duplicative" of GMHC's affirmative defenses, "litigating [it] will not consume significant resources."  *Id.* (quotation omitted).  So, the Court rejects Smith's argument regarding GMHC's request for declaratory and injunctive relief.

Smith's duplicativeness argument regarding the fraud counterclaims is similarly unpersuasive.  Even assuming Smith is correct the claims may not be brought independently, the federal rules allow GMHC to plead multiple theories of fraud in the alternative as separate claims.  *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Virtus Pharms., LLC v. Woodfield Distrib., LLC*, No. 8:21-CV-2427-WFJ-SPF, 2023 WL 6048794, at *7 n.8 (M.D. Fla. Apr. 25, 2023) (noting that pleading alternative theories of fraud in separate counts is permissible under Rule 8).  And even if the counterclaims are duplicative of each other, that does not compel dismissal at the pleading stage.  *See Saveraid*, 2025 WL 3122865 at *2 (noting that motions to dismiss "only test the validity of a claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid") (quoting *Wichael v. Wal-Mart Stores E., L.P.*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014)).  The Court rejects Smith's duplicative argument as to the fraud counterclaims.

In sum, Smith's arguments lack merit.  Therefore, her motion to dismiss GMHC's counterclaim is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff/Counterclaim-Defendant Keneisha Smith's motion to dismiss Defendant/Counterclaim-Plaintiff GetMeHealthCare, LLC's counterclaim (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

11