AUG 4 2026 PM2:35
FILED - USDC - FLMD - OCA

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**OCALA DIVISION**

KENEISHA SMITH,

Plaintiff/Counter-Defendant,

v. Case No. 5:25-cv-00568-SPC-PRL

GETMEHEALTHCARE, LLC,

Defendant/Counterclaim-Plaintiff.

______________________________________/

# PLAINTIFF/COUNTER-DEFENDANT KENEISHA SMITH'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO GETMEHEALTHCARE, LLC'S COUNTERCLAIM, AND DEMAND FOR A JURY TRIAL

Plaintiff/Counter-Defendant Keneisha Smith answers Defendant/Counterclaim-Plaintiff GetMeHealthCare, LLC's Counterclaim as follows:

## I. GENERAL RESPONSE

Counter-Defendant denies that she committed fraud, made any knowingly false statement, intended to deceive GMHC, manufactured this lawsuit, caused GMHC any legally recoverable damages, or is liable to GMHC for compensatory damages, punitive damages, attorney's fees, litigation expenses, declaratory relief, injunctive relief, or any other relief.

Any allegation not expressly admitted is denied.

## II. ANSWER TO NUMBERED ALLEGATIONS

1. Counter-Defendant admits that she is a party to this action and has appeared before the Court.

2. Counter-Defendant admits that the Court has jurisdiction and venue over Plaintiff's TCPA claim. Counter-Defendant denies that GMHC is entitled to any

relief on its Counterclaim. Counter-Defendant otherwise denies Paragraph 2 to the extent it asserts or implies liability, damages, or entitlement to relief.

3. Counter-Defendant admits that GMHC denies liability for Plaintiff's claims and requests dismissal of Plaintiff's claims. Counter-Defendant denies that Plaintiff's claims should be dismissed and denies that GMHC is entitled to relief.

4. Paragraph 4 is an introductory statement to which no response is required. To the extent a response is required, Counter-Defendant denies that GMHC is entitled to relief on its Counterclaim.

5. Counter-Defendant admits only that GMHC alleges it does not make outbound phone calls. Counter-Defendant lacks knowledge or information sufficient to admit or deny GMHC's internal calling practices, vendor practices, lead-generation practices, or the full scope of GMHC's involvement in calls placed on its behalf, and therefore denies the remaining allegations in Paragraph 5.

6. Counter-Defendant admits that she received a phone call on June 12, 2025. Counter-Defendant admits that she did not immediately hang up because the purpose of remaining on the call was to identify the entity and persons responsible for prior calls. Counter-Defendant lacks knowledge or information sufficient to

admit or deny whether GMHC directly placed the call, whether the recording in GMHC's possession is complete, accurate, and unaltered, or whether GMHC's description of the call is complete and accurate, and therefore denies those allegations. Counter-Defendant denies that the June 12, 2025 call was lawful or that it establishes prior consent to receive that call or any earlier call.

7. Counter-Defendant admits only that she spoke with the caller during the June 12, 2025 call and did not state during the call that she was on the National Do Not Call Registry. Counter-Defendant denies that she willingly or freely participated in the sense alleged by GMHC, denies that she wished to receive unsolicited telemarketing calls, denies that she waived any right, and denies that she had any duty to state her National Do Not Call Registry status during the call to preserve her TCPA rights or avoid fraud. Counter-Defendant denies the remaining allegations in Paragraph 7.

8. Counter-Defendant denies that she visited a website, entered her information into a website or form, signed anything, or gave prior express written consent before the June 12, 2025 call. Counter-Defendant admits only that, during the ongoing call, the caller read a scripted statement and repeatedly requested permission to connect the call, and Counter-Defendant allowed the call to be connected for the limited purpose of identifying the responsible entity. Counter-

Defendant denies that any statement during the ongoing call constituted prior consent to receive the call or prior consent to receive any earlier telemarketing calls. Counter-Defendant denies the remaining allegations in Paragraph 8.

9. Counter-Defendant admits only that she provided certain information during the June 12, 2025 call. Counter-Defendant denies that providing information during an ongoing call constituted prior express written consent to receive the call, prior consent to receive earlier calls, fraud, waiver, or consent to unlawful telemarketing. Counter-Defendant denies the remaining allegations in Paragraph 9.

10. Counter-Defendant denies Paragraph 10. Counter-Defendant denies that she lied, acted fraudulently, acted with intent to deceive, manufactured this lawsuit, or engaged in contrived conduct. Counter-Defendant admits only that personal information was discussed during the call for the limited purpose of continuing the call and identifying the entity responsible for the calls, and denies that any information was provided for the purpose of obtaining or using an insurance policy.

11. Counter-Defendant admits only that the caller connected her with a person identified as Zach, who was represented to be associated with GMHC. Counter-Defendant lacks knowledge or information sufficient to admit or deny Zach's

licensing status, employment status, authority, or internal relationship with GMHC, and therefore denies those allegations. Counter-Defendant denies that the transfer occurred pursuant to valid prior consent to receive the June 12, 2025 telemarketing call or any prior calls.

12. Counter-Defendant denies Paragraph 12. Counter-Defendant denies that GMHC reasonably or justifiably relied on any alleged statement by Counter-Defendant, denies that any such reliance caused GMHC damages, and denies that GMHC is entitled to relief.

13. Counter-Defendant admits only that she spoke with a person identified as Zach during the June 12, 2025 call and did not state to Zach during the call that she was on the National Do Not Call Registry. Counter-Defendant admits that she made statements during the call regarding insurance status only for the limited purpose of continuing the call and identifying the entity responsible for the calls. Counter-Defendant denies that she was required to tell Zach she was on the National Do Not Call Registry to preserve her rights, denies that her participation in the call constituted prior consent, waiver, fraud, or liability, and denies the remaining allegations in Paragraph 13.

14. Counter-Defendant admits only that the Federal Health Insurance Marketplace was contacted during the June 12, 2025 call and that enrollment-related steps were completed during or after the call. Counter-Defendant denies that those steps establish prior consent, fraud, reliance, damages, liability, or genuine interest in obtaining or using an insurance policy. Counter-Defendant denies the remaining allegations in Paragraph 14.

15. Counter-Defendant admits only that she participated in the final transferred call for the limited purpose of identifying the entity responsible for the calls. Counter-Defendant denies that her participation was inconsistent with her claims, denies that she wanted to receive unsolicited telemarketing calls, denies that she consented to prior calls, and denies that GMHC is entitled to relief.

16. Counter-Defendant denies Paragraph 16. Counter-Defendant denies that she enjoyed any legally relevant benefit from GMHC's conduct, denies that she sought or used an insurance policy through GMHC, and denies that the circumstances defeat her TCPA claims or create liability to GMHC.

17. Counter-Defendant repeats and incorporates her responses to Paragraphs 1 through 16 as if fully stated herein.

18. Counter-Defendant denies Paragraph 18. Counter-Defendant denies making any false statement of material fact to GMHC. Counter-Defendant denies that she visited a website, entered information into a website or form, signed anything, or gave prior express written consent before the June 12, 2025 call. Counter-Defendant admits only that, during the ongoing call, she allowed the caller to connect the call for the limited purpose of identifying the responsible entity.

19. Counter-Defendant admits only that she did not want to receive unsolicited telemarketing calls. Counter-Defendant denies that she did not want the call connected for the limited purpose of identifying the responsible entity, denies that she knowingly made any false statement, denies that she acted with fraudulent intent, and denies the remaining allegations in Paragraph 19.

20. Counter-Defendant admits only that, during the ongoing call, she allowed the caller to connect the call for the limited purpose of identifying the responsible entity. Counter-Defendant denies that she falsely represented prior consent, denies that she intended to induce reliance, denies that she sought insurance coverage through fraud, and denies the remaining allegations in Paragraph 20.

21. Counter-Defendant denies Paragraph 21. Counter-Defendant denies that any false representation caused the call to continue or caused her to be connected with

GMHC. Counter-Defendant further denies that any statement during the ongoing call constituted prior consent to receive that call or prior consent to receive earlier calls.

22. Counter-Defendant denies Paragraph 22. Counter-Defendant denies that she made false statements intended to induce the caller or GMHC to act, and denies that she acted with fraudulent intent.

23. Counter-Defendant lacks knowledge or information sufficient to admit or deny what the caller would have done under different circumstances, and therefore denies Paragraph 23. Counter-Defendant further denies that she had any legal obligation to announce her National Do Not Call Registry status during the call to avoid fraud or preserve her TCPA rights.

24. Counter-Defendant denies Paragraph 24. Counter-Defendant denies that she fraudulently induced the caller or licensed agent to continue the call, denies that she lied about prior consent, and denies that she acted with fraudulent intent.

25. Counter-Defendant denies Paragraph 25. Counter-Defendant denies that any licensed insurance agent reasonably relied on any false statement by Counter-

Defendant, denies that such reliance was justified, and denies that any alleged reliance caused GMHC damages.

26. Counter-Defendant denies Paragraph 26. Counter-Defendant denies that GMHC is defending this lawsuit because of fraud by Counter-Defendant. GMHC is defending this lawsuit because Plaintiff filed TCPA claims based on alleged unwanted telemarketing calls.

27. Counter-Defendant denies Paragraph 27. Counter-Defendant denies that GMHC suffered legally recoverable reputational damages, attorney's fees, litigation expenses, or any other damages caused by fraud.

28. Counter-Defendant denies Paragraph 28. Counter-Defendant denies that GMHC suffered reputational damage as a direct result of any lie or fraudulent conduct by Counter-Defendant.

29. Counter-Defendant repeats and incorporates her responses to Paragraphs 1 through 28 as if fully stated herein.

30. Counter-Defendant denies Paragraph 30. Counter-Defendant denies making any false statement of material fact to GMHC or to the caller. Counter-Defendant

denies that she visited a website, entered information into a website or form, signed anything, or gave prior express written consent before the June 12, 2025 call. Counter-Defendant admits only that, during the ongoing call, she allowed the caller to connect the call for the limited purpose of identifying the responsible entity.

31. Counter-Defendant admits only that she did not want to receive unsolicited telemarketing calls. Counter-Defendant denies that she did not want the call connected for the limited purpose of identifying the responsible entity, denies knowing that any alleged statement was false, denies acting with fraudulent intent, and denies the remaining allegations in Paragraph 31.

32. Counter-Defendant admits only that, during the ongoing call, she allowed the caller to connect the call for the limited purpose of identifying the responsible entity. Counter-Defendant denies that she falsely represented prior consent, denies that she fraudulently induced the caller or licensed agent, and denies the remaining allegations in Paragraph 32.

33. Counter-Defendant denies Paragraph 33. Counter-Defendant denies that the caller reasonably or justifiably relied on any false statement by Counter-Defendant.

34. Counter-Defendant denies Paragraph 34. Counter-Defendant denies that any false representation caused the call to continue or caused her to be connected with GMHC. Counter-Defendant further denies that any statement during the ongoing call constituted prior consent to receive that call or prior consent to receive earlier calls.

35. Counter-Defendant denies Paragraph 35. Counter-Defendant denies that she made false statements intended to induce the caller or GMHC to act, and denies that she acted with fraudulent intent.

36. Counter-Defendant lacks knowledge or information sufficient to admit or deny what the caller would have done under different circumstances, and therefore denies Paragraph 36. Counter-Defendant further denies that she had any legal obligation to announce her National Do Not Call Registry status during the call to avoid fraud or preserve her TCPA rights.

37. Counter-Defendant denies Paragraph 37. Counter-Defendant denies that she fraudulently induced the caller or licensed agent to continue the call, denies that she lied about prior consent, and denies that she acted with fraudulent intent.

38. Counter-Defendant denies Paragraph 38. Counter-Defendant denies that any licensed insurance agent reasonably relied on any false statement by Counter-Defendant, denies that such reliance was justified, and denies that any alleged reliance caused GMHC damages.

39. Counter-Defendant denies Paragraph 39. Counter-Defendant denies that GMHC is defending this lawsuit because of fraud by Counter-Defendant. GMHC is defending this lawsuit because Plaintiff filed TCPA claims based on alleged unwanted telemarketing calls.

40. Counter-Defendant denies Paragraph 40. Counter-Defendant denies that GMHC suffered legally recoverable reputational damages, attorney's fees, litigation expenses, or any other damages caused by fraud.

41. Counter-Defendant denies Paragraph 41. Counter-Defendant denies that GMHC suffered reputational damage as a direct result of any lie or fraudulent conduct by Counter-Defendant. Counter-Defendant further denies that GMHC is entitled to compensatory damages, punitive damages, attorney's fees, declaratory relief, injunctive relief, or any other relief.

## III. DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden that she does not otherwise have, Counter-Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### No False Statement of Material Fact

GMHC's Counterclaim is barred, in whole or in part, because Counter-Defendant did not make a false statement of material fact to GMHC.

## SECOND AFFIRMATIVE DEFENSE

### No Pre-Call Website Consent or Prior Express Written Consent

GMHC's Counterclaim is barred, in whole or in part, because Counter-Defendant did not visit the website alleged by GMHC, did not enter her information into any website or form before the June 12, 2025 call, did not sign any consent document before the June 12, 2025 call, and did not give prior express written consent to receive that call or any earlier calls.

## THIRD AFFIRMATIVE DEFENSE

### Transfer Permission During an Ongoing Call Is Not Prior Consent

GMHC's Counterclaim is barred, in whole or in part, because any alleged permission to connect or transfer an ongoing call is not the same as prior express

written consent to receive the original telemarketing call or any earlier telemarketing calls.

## FOURTH AFFIRMATIVE DEFENSE

### Post-Call or Mid-Call DocuSign Cannot Establish Prior Consent

GMHC's Counterclaim is barred, in whole or in part, because any DocuSign agreement or consent request sent after the June 12, 2025 call began cannot establish prior consent to receive that call or any earlier call. The June 12 call began before any DocuSign agreement was sent by a GMHC agent.

## FIFTH AFFIRMATIVE DEFENSE

### No Knowledge of Falsity or Fraudulent Intent

GMHC's Counterclaim is barred, in whole or in part, because Counter-Defendant did not knowingly make any false statement and did not act with fraudulent intent.

## SIXTH AFFIRMATIVE DEFENSE

### Limited Purpose of Final Call Participation

GMHC's Counterclaim is barred, in whole or in part, because Counter-Defendant's participation in the final transferred call was limited to identifying the entity, agents, lead source, or persons responsible for the calls at issue. That participation

did not constitute prior consent, waiver of TCPA rights, fraud, or consent to receive prior telemarketing calls.

**SEVENTH AFFIRMATIVE DEFENSE**

**No Intent to Induce Reliance**

GMHC's Counterclaim is barred, in whole or in part, because Counter-Defendant did not intend for GMHC, the caller, Zach, or any other person or entity to rely on a false statement.

**EIGHTH AFFIRMATIVE DEFENSE**

**No Actual Reliance**

GMHC's Counterclaim is barred, in whole or in part, because GMHC did not actually rely on any alleged false statement by Counter-Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**No Reasonable or Justifiable Reliance**

GMHC's Counterclaim is barred, in whole or in part, because any alleged reliance by GMHC was not reasonable or justifiable. GMHC and its alleged agents, vendors, lead sources, or transfer partners were in a better position than Counter-Defendant to verify consent records, lead-source records, transfer records, CRM

entries, and compliance documentation before accepting or acting on any transferred call.

## TENTH AFFIRMATIVE DEFENSE

### No Causation

GMHC's Counterclaim is barred, in whole or in part, because any alleged damages were not caused by any statement or conduct by Counter-Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Legally Recoverable Damages

GMHC's Counterclaim is barred, in whole or in part, because GMHC has not suffered legally recoverable damages caused by fraud. GMHC's claimed attorney's fees, litigation expenses, and generalized reputational harm were not caused by fraud by Counter-Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### American Rule / No Entitlement to Attorney's Fees

GMHC's request for attorney's fees and litigation expenses is barred, in whole or in part, by the American Rule because GMHC has not identified a contract, statute, or applicable exception entitling it to recover attorney's fees from Counter-Defendant as damages for defending this lawsuit.

## THIRTEENTH AFFIRMATIVE DEFENSE

### No Duty to Disclose National Do Not Call Registry Status

GMHC's Counterclaim is barred, in whole or in part, to the extent it relies on Counter-Defendant's alleged failure to announce during the call that she was on the National Do Not Call Registry. Counter-Defendant had no duty to make that disclosure to preserve her TCPA rights or avoid fraud, and GMHC cannot base fraud liability on silence absent a legally recognized duty to disclose.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Litigation Privilege and Right to Petition

To the extent GMHC seeks damages based on Plaintiff filing or maintaining this lawsuit, such damages are barred, in whole or in part, by the litigation privilege, the right to petition, and public policy protecting access to the courts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Independent and Intervening Acts

GMHC's Counterclaim is barred, in whole or in part, because any alleged damages were caused by GMHC's own conduct, the conduct of third parties, the conduct of lead generators or vendors, litigation decisions, or other independent and intervening acts, and not by Counter-Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

GMHC's Counterclaim is barred, in whole or in part, because GMHC failed to mitigate any alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### No Basis for Punitive Damages

GMHC is not entitled to punitive damages because Counter-Defendant did not engage in intentional misconduct, fraud, malice, oppression, or conduct sufficient to support punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### No Basis for Injunctive Relief

GMHC is not entitled to injunctive relief because GMHC has not established irreparable harm, lack of an adequate remedy at law, or any facts supporting an injunction against Counter-Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### Declaratory Relief Is Duplicative or Unnecessary

GMHC's request for declaratory relief is barred, in whole or in part, because it duplicates GMHC's defenses to Plaintiff's TCPA claims, is unnecessary, and does not establish any independent entitlement to relief against Counter-Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**Setoff / Offset / Recoupment**

To the extent GMHC is awarded any damages, which Counter-Defendant denies is proper, any such amount should be reduced or offset by any damages, statutory damages, costs, or other relief awarded to Counter-Defendant on her claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**Right to Seek Leave to Amend Defenses**

Counter-Defendant reserves the right to seek leave to amend these defenses as discovery proceeds and additional facts become known.

## IV. DEMAND FOR A JURY TRIAL

Counter-Defendant demands a trial by jury on all issues so triable.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant Keneisha Smith respectfully requests that the Court enter judgment in her favor and against GetMeHealthCare, LLC on the Counterclaim, deny GMHC all relief requested, award Counter-Defendant her costs and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Keneisha Smith

KENEISHA SMITH

113 Shiloh Ave

Lady Lake, FL 32159

(352) 431-1035

Plaintiff/Counter-Defendant, pro se

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2026, I furnished a true and correct copy of the foregoing to counsel for Defendant/Counterclaim-Plaintiff GetMeHealthCare, LLC by email at:

Nelson C. Bellido, Esq.

nbellido@roiglawyers.com

/s/ Keneisha Smith

Keneisha Smith

K Smith 8/4/2026